# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0993V

| | |
|---|---|
| JULIE MUNAFO,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 10, 2025 |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Christopher Pinto, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On June 27, 2024, Julie Munafo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on September 22, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 14, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On September 10, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $65,000.00. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $65,000.00 (in pain and suffering), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JULIE MUNAFO,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>Respondent. | No. 24-0993<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 27, 2024, Julie Munafo ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination administered on September 22, 2022. Petitioner's Exhibit ("Ex.") 1 at 2. On April 14, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 20.

**I.   Item of Compensation**

Pain and Suffering

Respondent proffers that petitioner should be awarded $65,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $65,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

                                      Respectfully submitted,

                                      BRETT A. SHUMATE
                                      Assistant Attorney General

                                      C. SALVATORE D'ALESSIO
                                      Director
                                      Torts Branch, Civil Division

                                      HEATHER L. PEARLMAN
                                      Deputy Director
                                      Torts Branch, Civil Division

                                      COLLEEN C. HARTLEY
                                      Assistant Director
                                      Torts Branch, Civil Division

                                      <u>s/ CHRISTOPHER J. PINTO</u>
                                      CHRISTOPHER J. PINTO
                                      Trial Attorney
                                      Torts Branch, Civil Division
                                      U.S. Department of Justice
                                      P.O. Box 146
                                      Benjamin Franklin Station
                                      Washington, D.C.  20044-0146
                                      Tel: (202) 353-5992
                                      christopher.pinto@usdoj.gov

DATED: September 10, 2025

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.